UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDAZI HARBARUK,<br><br>             Plaintiff,<br><br>     v.<br><br>THOMAS HOGAN, ESQ., et al.,<br><br>             Defendants. | No. 2:15-cv-1746 GEB DAD PS<br><br><br>ORDER |

     Plaintiff Hendazi Harbaruk is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

     On August 21, 2015, plaintiff filed an "EX PARTE APPLICATION FOR STAY OF TERMINATION OF TENANCY." (Dkt. No. 4 at 1.)  In that application plaintiff seeks an order staying the termination of his commercial tenancy until the court has issued a decision "as to whether or not the Defendant names herein engaged in illegal discriminatory conduct . . . ." (Id.)  In this regard, plaintiff's ex parte application seeks an order from the court granting him injunctive relief.

     The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692,

700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.  Moreover, the court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought.  See Local Rule 231.

Here, plaintiff's application fails to address his likelihood of success on the merits or the possibility of irreparable injury.  Moreover, plaintiff's application fails to contain a declaration under penalty of perjury on the question of irreparable injury or a memorandum of points and authorities addressing all the relevant legal issues.  Plaintiff's application for a stay, therefore, will be denied without prejudice to its renewal by way of a properly supported motion.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 21, 2015 application for a stay (Dkt. No. 4) is denied without prejudice to renewal.[1]

Dated:  September 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\harbaruk1746.tro.den.ord.docx

---

[1] If plaintiff elects to file a renewed application for a stay of this action, his application should not only address the legal principles discussed above but also the arguments raised by defendants in their motions to dismiss, which are currently noticed for hearing before the undersigned on October 30, 2015.