UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENADZI HARBARUK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS HOGAN, ESQ., et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1746-GEB-EFB PS (TEMP)<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff Henadzi Harbaruk is proceeding pro se in this action brought under the Fair Housing Act. The matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On August 21, 2015, plaintiff filed an application for a stay seeking to temporarily restrain or enjoin the termination of his commercial tenancy. ECF No. 4. The court denied that application without prejudice, in part, because it failed to address plaintiff's likelihood of success on the merits. ECF No. 19. Plaintiff filed another application for a stay asserting in conclusory fashion that "there is a great likelihood that the Plaintiff will be successful on the merits of his case." ECF No. 22 at 5. That application again fails to demonstrate a likelihood of success on the merits. Indeed, there is a pending motion to dismiss which notes that the Fair Housing Act does not apply to a commercial tenancy. ECF No. 23-1. In light of plaintiff's failure to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

1

1  absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction
2  is in the public interest" his application must be denied. *Stormans, Inc. v. Selecky*, 586 F.3d 1109,
3  1127 (9th Cir. 2009), citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365,
4  374 (2008). Accordingly, it is recommended that plaintiff's October 20, 2015 application for a
5  stay be denied.

6  Plaintiff also filed a first amended complaint. ECF No. 20. Rule 15(a)(1) of the Federal
7  Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of
8  course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive
9  pleading is required, 21 days after service of a responsive pleading or 21 days after service of a
10 motion under Rule 12(b), (e), or (f), whichever is earlier." Here, defendant Thomas Hogan filed a
11 motion to dismiss the original complaint on September 4, 2015. ECF No. 9. Plaintiff's October
12 16, 2015 amended complaint was filed more than 21 days after defendant Hogan filed his motion
13 to dismiss.

14 Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its
15 pleading only with the opposing party's written consent or the court's leave. The court should
16 freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The policy of freely
17 granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v.
18 Leighton*, 833 F.2d 183, 186 (9th Cir.1987). Here, plaintiff's pro se status and the interests of
19 judicial economy weigh in favor of granting plaintiff leave to proceed on the amended complaint.

20 Moreover, on November 6, 2015 defendant Hogan filed a response to plaintiff's first
21 amended complaint in the form of a motion to dismiss.[1] Likewise, on November 9, 2015
22 defendants Ben Tiner, Jenny Wilkins and Tiner Properties, Inc., also filed a response to plaintiff's
23 amended complaint in the form of a motion to dismiss and a motion to strike, which are set to be
24 heard before the undersigned on December 9, 2015.
25 /////
26

27  [1] That motion, however, was noticed for hearing before the previously assigned
   Magistrate Judge. The hearing of that motion, therefore, will be reset for hearing before the
28 undersigned.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to amend and the amended complaint filed October 16, 2015 (ECF No. 20) is deemed the operative pleading;

2. Defendants' motions to dismiss filed September 4, 2015 (ECF No. 9) and September 8, 2015 (ECF No. 12) are denied without prejudice as having been rendered moot; and

3. Defendant Hogan's motion to dismiss filed November 6, 2015 (ECF No. 23) shall be heard before the undersigned on December 9, 2015 at 10:00 a.m. in Courtroom No. 8.

Further, IT IS HEREBY RECOMMENDED that plaintiff's October 20, 2015 ex parte application for a stay (ECF No. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 23, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE